[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUMMARY RULING ON THE PLAINTIFF'S MOTION TO STRIKE
This action was instituted by the plaintiff, Fitzpatrick Electric, L.L.C., to foreclose a mechanic's lien on property owned by the defendant LS Monroe Restaurant Management, L.L.C. Pending before the court is the plaintiff's motion to strike the second special defense, the second count of the counterclaim and the related allegations of the prayer for relief filed by the defendant. The second special defense alleges unclean hands on the part of the plaintiff and the counterclaim's second count alleges that the plaintiff violated the Connecticut Unfair Trade Practices Act, § 42-110b. For the following reasons, the motion to strike is denied.
As recently explained by this court, "[i]n support of the motion to strike [the] special defense, the plaintiff relies on lower court cases indicating that the doctrine of unclean hands is inapplicable in foreclosure actions. See, e.g., Mechanics Farmers Savings Bank, FSBv. Delco Development Co., Inc., 43 Conn. Sup. 408, 420, 656 A.2d 1075
(1993). However, this view has been expressly rejected by appellate court precedent holding that the unclean hands doctrine may be asserted as a special defense in a foreclosure action. See, Thompson v. Orcutt,257 Conn. 301 (2001); Willow Funding Co., L.P. v. Grencom Associates,63 Conn. App. 832 (2001)." Ocwen Federal Bank v. Rivas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 99 038135 So. (Feb. 21, 2002, Stevens, J.).
In the second count of the counterclaim, the defendant alleges that the plaintiff, as a construction contractor, intentionally and knowingly hired unlicensed electricians to perform work under the parties' contract contrary to the terms of the contract and in violation of Connecticut law. The defendant further alleges that the work was performed in a faulty manner and that the defendant intentionally and willfully failed to repair the faulty work. The court cannot say as a matter of law that such allegations fail to state a claim under CUPTA for unscrupulous and CT Page 2330 deceptive conduct injurious to public policy and public safety. See generally, Hartford Electric Supply Co. v. Allen-Bradley Co.,250 Conn. 334, 367-68 (1999).
Therefore, for the foregoing reasons, the plaintiff's motion to strike is denied.
So ordered the 17th day of February 2003.
STEVENS, J. CT Page 2331